THE STATE v. WILLIAM HOLLIDAY, one of the Overseers of the Highways of the Township of Lower Penn's Neck, in the County of Salem.

To the alternative mandamus issued under a rule of this court of November term, 1825, the following return was made: "I, William Holliday, in the within writ of mandamus mentioned to the Honorable the Justices of the Supreme Court of Judicature of the State of New Jersey, do make return and certify, That I, the said William Holliday, was not at the time when the said writ was delivered to me nor have at any time since been an Overseer of the Highways in and for the said township of Lower Penn's Neck, in the said county of Salem. And I, the said William Holliday, do further return and certify that at a town meeting held in and for the said township of Lower Penn's Neck, in the county of Salem, on the second Tuesday, to wit: on the ninth day of March, in the year of our Lord, one thousand eight hundred and twenty-four, by virtue of an act of the Legislature of the State of New Jersey, entitled "An act incorporating the inhabitants of township, designating their powers and regulating their meetings, I was chosen an Overseer of the Highways in and for the said township, and that I served in the said office of Overseer of the Highways in and for the said township for the space of one year, next ensuing my said election.

(Signed,)          WILLIAM HOLLIDAY."

*Jeffers* having obtained a rule to shew cause, now moved to make the same absolute and to quash the return. The first clause of the return is evasive and insufficient. The overseer does not deny the suggestion in the writ that the road was assigned to .him by the township committee. He does not deny that he was overseer when the writ issued, nor should he be permitted to deny it as he appeared in court on the rule to shew cause why the writ should not issue, and resisted the allowance of the writ without questioning the official station imputed to him. Farther, he should have shewn why he was not overseer. The second clause is no answer to the writ. He may have been legally overseer in 1825, notwithstanding his having been so in 1824. 2 *Term Rep.* 456, 4 *Bac.* 518, 519.

*Dayton* insisted that the return was legal and sufficient. As to the first clause, the fact returned if true is sufficient. It was not necessary to shew why he was not overseer in the return. If in fact he was not so, that is sufficient. Nor can any prejudice result from the defence made on the rule to shew cause. That was not the time or place to dispute the fact—questions of law alone were then to be considered. And the defendant was to be bound by the writ, not when it issued but when it was served upon him. The second clause, he contended, was a good return. because having served one year in the office the defendant could not be compelled to serve the next year. *Rev. Laws* 725, *sec.* 4.

BY THE COURT.—The matter stated in the first clause of the return if true is a sufficient answer to the writ. If when it was delivered to Holliday he was not overseer, he ought not to be compelled to open, clear out and repair the road. in question, nor indeed could he legally do so. His resistance to the rule to shew cause cannot prevent him from making such return, for without expressing any opinion as to the effect of his omission then to deny his holding the office, such effect could extend only to the time of issuing

the writ. And inasmuch as afterwards and before it was delivered to him he may, under certain circumstances, have legally ceased to be overseer, we cannot undertake to say no such circumstances occurred, or to preclude him from alleging what, if true, is a sufficient reason for his non-compliance; and the more especially as the truth and legality of the cause assigned by him is placed in the regular mode of trial, and if false, he will be subject to damages and costs. It is not deemed necessary to shew in the return why he was not, or had ceased to be, overseer. The general rules of pleading require simplicity and repudiate argumentation.

The second cause stated in the return is entirely insufficient. The fourth section of the act respecting townships does not render a person ineligible to office for successive years, but only saves him, after serving one year, from being compelled against his will to serve the same office within five years. Holliday therefore may have been chosen in March, 1824, and served one year, and may also have been chosen and served in succeeding years.

Let the rule to shew cause be discharged as to the cause first stated in the return, and let the return as to the cause secondly stated be quashed.